UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ADAM CARMON,                         :
                                     :
     Plaintiff,                      :
                                     :   PRISONER
V.                                   :   Case No. 3:05-CV-1224 (RNC)
                                     :
CORRECTIONAL OFFICER DUVEAL, ET      :
AL.,[1]                              :
                                     :
     Defendants.                     :

RULING AND ORDER

Plaintiff Adam Carmon, a Connecticut inmate proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging that Correctional Officer Duval filed a false disciplinary report against him, Counselor Bradway refused to notarize certain court documents for him, and Director Levesque placed him in long-term administrative segregation, all in violation of his constitutional rights. Defendants have filed a motion to dismiss [doc. # 27]. For the reasons summarized below, the motion is granted in part and denied in part.

FACTS

For purposes of deciding this motion, the Court assumes that the following allegations contained in plaintiff's submissions

---

[1] The defendants named in the second amended complaint are Correctional Officer Christine Duval; Correctional Counselor Supervisor Brian Bradway; and Director of Offender Classification and Population Management for the State of Connecticut Department of Corrections Fred Levesque. Defendant Duval is incorrectly referenced in the caption as "Duveal."

are true. See Global Network Commc'ns, Inc. v. New York, 458 F.3d 150, 154 (2d Cir. 2006).[2]  On March 14, 2005, Correctional Officer Duval issued a disciplinary ticket to plaintiff falsely accusing him of assaulting her.  Duval made this false report in order to retaliate against plaintiff for taking cigarettes Duval had obtained for another inmate.  Duval did not allege that the assault was sexual in nature.

After receiving a disciplinary ticket for the alleged assault on Duval, plaintiff was placed in segregation at Cheshire.  On March 21, 2005, he was transferred to Northern Correctional Institution ("Northern"), the Department of Correction's highest security facility.  On May 5, 2004, a disciplinary hearing was held.  Plaintiff's advocate did not attend.  The investigator, who did attend, acknowledged that he never interviewed any witnesses to the alleged assault.  At the hearing, plaintiff was found guilty based on Correctional Officer Duval's accusation.

On April 29, 2005, an administrative segregation hearing was held.  The hearing officers concluded that the assault charge was not sufficiently serious to warrant plaintiff's placement in administrative segregation.  Defendant Levesque, the Director of

---

[2] Plaintiff has filed an original complaint and two amended complaints.  The Court has considered all three in determining whether plaintiff's allegations are legally sufficient to withstand the motion to dismiss.

2

Offender Classification and Population Management, disagreed. Considering the assault to be sexual in nature, he decided to place plaintiff in administrative segregation. Plaintiff remained in administrative segregation at Northern for nineteen months.

On May 19, 2005, plaintiff requested that defendant Bradway notarize certain court documents so he could seek the removal of an attorney appointed to represent him in state habeas proceedings. On May 23, 2005, Bradway responded that plaintiff had not provided him with documentation necessary to have the papers notarized. When plaintiff filed the unnotarized papers in court, the clerk returned the papers indicating that they needed certification. After the papers were returned, plaintiff wrote to Bradway again, but received no response. Plaintiff then filed a grievance, but received no response.

DISCUSSION

Access to Courts Claim: Defendant Bradway

Plaintiff claims that defendant Bradway's refusal to notarize court documents violated plaintiff's right of access to courts. Inmates have a constitutional right of access to courts. See Bounds v. Smith, 430 U.S. 817, 821 (1977), modified on other grounds, Lewis v. Casey, 518 U.S. 343 (1996). To adequately plead a claim for relief based on a violation of this right, an inmate must allege facts demonstrating an actual injury

3

stemming from the violation.  Lewis, 518 U.S. at 349.  To satisfy this requirement, plaintiff must allege that Bradway's refusal to notarize court documents actually hindered his efforts to pursue a legal claim.  See Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 2002).  An inmate's conclusory assertion that he suffered prejudice is insufficient.  See Arce v. Walker, 58 F. Supp. 2d 39, 44 (W.D.N.Y. 1999) (citing Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999)).

Plaintiff does not allege facts sufficient to show that he was improperly denied access to the courts or suffered actual injury.  When Bradway first refused to notarize plaintiff's papers, he explained that plaintiff had failed to submit necessary documentation.  Plaintiff alleges that he resubmitted the papers, but he does not allege that he submitted the documentation requested by Bradway.  Nor does he allege that Bradway's request for documentation was improper.  Moreover, plaintiff's claim that he was injured by Bradway's failure to notarize is conclusory; plaintiff does not allege how the lack of notarization actually hindered his efforts to pursue his habeas claims.  This claim is therefore dismissed.

Due Process Claims: Defendants Duval and Levesque

Plaintiff claims that defendants Duval and Levesque violated his Fourteenth Amendment due process rights when Duval falsely accused him of assault and Levesque placed him in administrative

4

segregation.

1. Report of Assault: Defendant Duval

Falsely accusing an inmate of misconduct does not itself violate the Constitution. See Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997). A false misbehavior report may violate the Constitution when it is filed in retaliation against a prisoner for exercising a constitutional right. Id. Here, plaintiff alleges that Duval filed the false report in retaliation for his allegedly stealing cigarettes. This is legally insufficient because stealing cigarettes does not implicate a constitutional right. Plaintiff does not allege that Duval did anything else to violate his right to due process. Therefore, plaintiff's claim against Duval is dismissed.

2. Disciplinary and Administrative Segregation Hearings: Defendant Levesque

Plaintiff's claim against defendant Levesque, which appears to be his most significant claim, fares better. Plaintiff alleges that Levesque both improperly overruled the decision of the hearing officers at the April 29 hearing, and improperly found that the alleged assault was sexual in nature, even though plaintiff had never been accused of sexual assault.

Defendants contend that plaintiff's claim against Levesque is legally insufficient because he was not deprived of a liberty interest protected by the Due Process Clause. To constitute a deprivation of liberty, a restraint must have imposed an

5

"atypical and significant hardship in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484. Plaintiff alleges that, as a result of Levesque's decision, he remained in administrative segregation for more than nineteen months. Though plaintiff does not assert additional facts indicating the nature of the conditions of this segregation, such a prolonged period of segregation may implicate a liberty interest protected by the Due Process Clause. See Colon v. Howard, 215 F.3d 227, 231 (2d Cir. 2000) (confinement in segregated conditions for 305 days requires procedural due process protections). Therefore, the motion to dismiss the claim against Levesque must be denied.

### 3. Transfer to Northern

Plaintiff's submissions also suggest that his right to due process was violated when he was transferred to Northern without a hearing. The Fourteenth Amendment Due Process Clause does not require an adversarial hearing when an inmate is transferred to more restrictive confinement pending the outcome of a disciplinary charge. All that is required is "an informal, nonadversary review of the information supporting [the inmate's] administrative confinement, including whatever statement [the inmate] wishe[s] to submit, within a reasonable time after confining [him] to administrative segregation." Hewitt v. Helms, 459 U.S. 460, 472 (1983). In any event, plaintiff does not

allege, and the Court cannot infer, that any of the named defendants was involved in the transfer decision. See Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (some level of personal involvement is required for defendants to be liable under § 1983). Therefore, this claim is dismissed.

    C.    <u>Defendants' Assertions of Immunity: Defendant Levesque</u>

Defendant Levesque has moved to dismiss the claim against him based on qualified immunity. "[A] qualified immunity defense can be presented in a Rule 12(b)(6) motion, but . . . the defense faces a formidable hurdle when advanced on such a motion and is usually not successful." Field Day, LLC v. County of Suffolk, 463 F.3d 167, 191-92 (2d Cir. 2006) (internal quotations omitted). This case is no exception. Levesque has not shown that, accepting plaintiff's allegations as true, his conduct must be deemed objectively reasonable.

Defendant Levesque also moves to dismiss the claim against him based on the Eleventh Amendment, which prohibits suits for money damages against states or state actors in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Section 1983 does not override a state's Eleventh Amendment immunity, see Quern v. Jordan, 440 U.S. 332, 345 (1979), and Connecticut has not otherwise waived its immunity to this suit. Accordingly, the motion to dismiss is granted as to any claims for money damages against Levesque in his official capacity.

CONCLUSION

The motion to dismiss [doc. # 27] is granted in part and denied in part. All claims are dismissed except the due process claim against Levesque.

So ordered this 21st day of May 2008.

                                              /s/RNC
                                    Robert N. Chatigny
                               United States District Judge