```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

ADAM CARMON,                          :
    Plaintiff,                    :
                                  :            PRISONER
V.                                    :  Case No. 3:05-CV-1224(RNC)
                                  :
CORRECTIONAL OFFICER DUVEAL,          :
ET AL.,                               :
    Defendants.                   :

## RULING AND ORDER

Plaintiff Adam Carmon, proceeding pro se and in forma pauperis, claims that defendant Fred Levesque, the Director of Offender Classification and Population Management for the Connecticut Department of Correction ("DOC"), ordered him confined to long-term administrative segregation in violation of his Fourteenth Amendment right to procedural due process. The defendant has moved for summary judgment. For reasons that follow, the motion is granted.

I.  Background

The evidence in the record, viewed favorably to the plaintiff, would permit a jury to find the following. On March 14, 2005, a female employed as a kitchen supervisor at Cheshire Correctional Institution ("Cheshire") reported that plaintiff had touched her on the buttocks twice and hugged her. She stated that she thought he had an erection when he hugged her. Plaintiff was given a Class A disciplinary report for assault on

a female correctional employee and placed in segregation.

On or about March 16, 2005, the person in charge of support services at Cheshire submitted a memo to the defendant informing him of the incident and requesting that plaintiff be transferred to Northern Correctional Institution ("Northern"), DOC's highest security facility, "for review and placement in Administrative Segregation." He pointed out that although the female employee sustained no physical injury as a result of the incident, she was visibly shaken. On March 21, 2005, plaintiff was transferred to Northern.

On April 13, 2005, a disciplinary hearing was held on the assault charge. Plaintiff pleaded not guilty. He claimed that the female employee falsely accused him of assaulting her to retaliate against him for taking cigarettes she had obtained for another inmate. Plaintiff's advocate did not attend but a substitute advocate was present. Plaintiff was found guilty based on the female employee's report of the incident. The punishment he received included punitive segregation for 30 days and loss of privileges for 90 days.

On April 20, 2005, plaintiff was given written notice of an administrative segregation hearing. The notice informed him that the hearing had been scheduled because he had been found guilty of assault on a DOC employee.

On April 26, 2005, the administrative segregation hearing

was held.  The hearing was conducted by a correctional counselor supervisor.  Plaintiff chose not to testify but he did submit a two-page handwritten statement denying that he touched the female employee.

On April 29, 2005, the hearing officer signed a written report recommending that plaintiff not be placed in administrative segregation.  The report provided the following reasons for this recommendation: "Incident not serious enough for placement on A.S. status.  Subject can be managed in level 4 general population.  A staff conflict has been added to the subject's profile screen to ensure he is kept separate from the staff member."

Pursuant to DOC Administrative Directive 9.4(12)(C), the hearing officer submitted his written recommendation to the defendant for review.  On May 2, 2005, the defendant, exercising authority granted to him by DOC Administrative Directive 9.4(12)(D), declined to accept the hearing officer's recommendation and authorized plaintiff's placement in long-term administrative segregation.  He provided the following reason for this decision: "Reporting staff member's statement concerning incident - assault appears to be sexual in nature."  Plaintiff remained in administrative segregation until January 2007.

II.  Discussion

Under Rule 56(c) of the Federal Rules of Civil Procedure,

summary judgment may be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact."  A defendant's motion for summary judgment may be granted when the evidence in the record would not permit a jury to return a verdict in favor of the plaintiff.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In determining whether this standard is met, the court gives credence to any evidence favorable to the plaintiff.  Evidence favorable to the defendant, on the other hand, is disregarded unless it is undisputed or comes from a neutral source and is uncontradicted and unimpeached.  See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000)(discussing identical standard under Fed. R. Civ. P. 50).

Plaintiff claims that defendant's rejection of the hearing officer's recommendation violated his right to procedural due process.  Defendant contends that he is entitled to summary judgment on this claim because plaintiff's placement in administrative segregation did not implicate a liberty interest protected by the Fourteenth Amendment and even if it did, the process plaintiff received was adequate.  I conclude that even assuming plaintiff was entitled to more process than he received, his claim must be dismissed.

In <u>Wilkinson v. Austin</u>, the Supreme Court held that the procedures by which Ohio classifies prisoners for placement at its Supermax facility provide sufficient protection to comply with the Due Process Clause.  545 U.S. 209, 213 (2005).  The procedures require that the inmate receive notice of the factual basis for the classification review, a fair opportunity for rebuttal and a short statement of reasons if the decision is made to transfer him to the Supermax facility.  <u>See</u> <u>id.</u> at 225-26.  These procedures are comparable to informal, non-adversarial procedures the Court previously upheld as sufficient to protect inmates being considered for transfer to administrative segregation.  <u>See</u> <u>id.</u> at 227 (citing <u>Hewitt v. Helms</u>, 459 U.S. 460, 473-76 (1983)).

Plaintiff does not deny that he received notice of the factual basis for the administrative segregation hearing, an opportunity to be heard and a written statement of the reason for the defendant's decision to place him in administrative segregation.  His pro se submissions, liberally construed, take issue with the defendant's authority to reject the hearing officer's recommendation that he not be placed in administrative segregation without affording him some additional procedural protection.

The rule in Connecticut has been that a DOC inmate does not have a protected liberty interest in classification decisions

because the Commissioner has discretionary authority to classify prisoners.  See Pugliese v. Nelson, 617 F.2d 916, 923 (2d Cir. 1980); Torres v. Howell, 3:03-CV-2227(MRK), 2006 WL 1525942,*15-16 (D. Conn. May 30, 2006).  The discretionary nature of the classification decisions made by the defendant in the ordinary course of events did not necessarily preclude the plaintiff from having a protected liberty interest in avoiding placement in long-term administrative segregation based on the female employee's report that he had engaged in misconduct.  See Wilkinson v. Austin, 545 U.S. 209, 223 (2005)(touchstone of inquiry into existence of protected liberty interest in avoiding restrictive conditions is the conditions themselves not the language of state regulations).  For present purposes, I assume that he did have a protected liberty interest.

Under Mathews v. Eldridge, 424 U.S. 319 (1976), whether the plaintiff was entitled to more process than he received is determined by considering his interest in avoiding erroneous placement in long-term administrative segregation, the risk of error under DOC's existing procedures, and the State's interest.  Weighing these factors, one could reasonably conclude that before the defendant rejects a hearing officer's recommendation against placing an inmate in long-term administrative segregation, he must provide the inmate with a brief statement of the basis for his disagreement with the hearing officer's recommendation and

6

give the inmate an opportunity to submit a statement in rebuttal.

Assuming for present purposes that these modest additional protections are required by the Due Process Clause, plaintiff cannot prevail on his claim. Plaintiff's two-page statement, in which he denied ever touching the female employee, was reviewed by the defendant. Plaintiff does not point to anything he would have added to this statement if he had been given an opportunity to try to convince the defendant to go along with the hearing officer's recommendation.

Under 42 U.S.C. § 1983, moreover, even if the defendant did violate the plaintiff's right to due process, he is entitled to qualified immunity because he did "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). If anything, the law indicated that no additional process was due.

Plaintiff's pro se submissions also can be liberally construed as claiming that the defendant's decision violated due process because it was arbitrary. Due process is satisfied if the decision is supported by some reliable evidence. See Sira v. Morton, 380 F.3d 57, 76-77 (2d Cir. 2004). The defendant's conclusion that the assault was sexual in nature - and therefore more serious than the hearing officer believed it to be - is supported by the female employee's statement that plaintiff

touched her buttocks, hugged her and had an erection.  It is also supported by the statement of the person in charge of support services at Cheshire, who described the female employee as visibly shaken.  This is sufficient to satisfy due process.

II. Conclusion

For the foregoing reasons, the defendant's motion for summary judgment is hereby granted.  The Clerk may enter judgment in favor of the defendant dismissing the complaint.

So ordered this 13th day of February 2009.

                                          /s/ RNC
                                    Robert N. Chatigny
                            United States District Judge